UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Rick Davis Sr.

   v.                                           Civil No. 18-cv-1246-PB

Michelle Edmark, Warden,
New Hampshire State Prison

**REPORT AND RECOMMENDATION**

Rick Davis Sr., has filed an amended petition for a writ of habeas corpus (Doc. No. 7) under 28 U.S.C. § 2254, challenging the validity of his current incarceration, imposed pursuant to his conviction and sentence in State v. Davis, No. 219-2013-cr-290 (N.H. Super. Ct., Strafford Cty.). The petition is before this court for screening under Rule 4 of the Rules Governing § 2254 Cases ("§ 2254 Rules") and LR 4.3(d)(1), to determine if Davis has stated facially valid claims. Also before the court are Davis's filings reporting on his efforts to exhaust his claims challenging his conviction in the state courts (Doc. Nos. 8, 10, 11), and to use prison grievances to alert prison officials to an incident of inmate violence, see Doc. No. 9.

**§ 2254 Rule 4 Standard**

Pursuant to § 2254 Rule 4, a judge is required to examine a petition for habeas relief, and if "it plainly appears from the petition and any attached exhibits that the petitioner is not

entitled to relief in the district court, the judge must dismiss the petition." Id. Federal courts "are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland v. Scott, 512 U.S. 849, 856 (1994). In conducting its preliminary review, the court construes pro se filings liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

## Background

Davis is challenging his conviction and (cumulative) sentence of $10^{1}/_{2}$ to 35 years, on charges of reckless conduct and disobeying a police officer stemming from a March 2013 traffic incident, and related charges of witness tampering, solicitation of witness tampering, and solicitation of falsifying physical evidence, arising from incidents occurring in August and September 2013 and June 2014, while Davis was at the Strafford County House of Corrections. See State v. Davis, No. 219-2013-cr-290 (N.H. Super. Ct., Strafford Cty.). Davis's conviction was affirmed by the New Hampshire Supreme Court ("NHSC") on May 17, 2016. See State v. Davis, No. 2015-0248 (N.H. May 17, 2016). Davis did not seek further certiorari review in the Supreme Court.

Several events occurred in the criminal proceedings that underlie the claims Davis asserts here. First, Davis's trial

counsel, Attorney Carl Swenson, filed a pretrial motion to determine Davis's competency. The State did not object. In an order dated April 9, 2014, the Superior Court found the defendant to be competent.

The second event forming the basis of Davis's claims occurred after the State rested in the criminal trial, when the Superior Court granted Davis's motion to dismiss two charges of witness tampering for insufficiency of the evidence. The Superior Court instructed the jurors at the close of the trial not to infer anything from the fact that those two charges, which had been read to them at the beginning of the case, were no longer part of the case that would be submitted to the jury. Attorney Swenson did not refer to those charges in his closing argument.

Third, at the close of the trial, the Superior Court chose two jurors to be alternates including "Ms. Boucher," but then immediately allowed her to deliberate with the jury and chose another juror as an alternate, due to a misunderstanding regarding her name. Although Davis's counsel and the court became aware of the misunderstanding after the jury had begun its deliberations, Davis's trial counsel did not move for Ms. Boucher's recusal or otherwise object to her continuing participation in deliberations.

Davis asserts in Document Nos. 8, 10, and 11 that he

pursued post-conviction proceedings without substantial interruption, beginning with the pro se motion for a new trial he filed in October 2016, continuing through the present.  In connection with the October 2016 pro se motion for a new trial, the Superior Court appointed Attorney Caroline Brown to represent Davis.  Attorney Brown filed and litigated a supplemental motion for a new trial on August 14, 2017, which the Superior Court denied.  See State v. Davis, No. 219-2013-cr-00290 (N.H. Super. Ct., Strafford Cty., Apr. 12, 2018) (Doc. No. 8-2, at 44 to 60).  Attorney Brown also filed the notice of discretionary appeal of that matter, see Doc. No. 8-2, at 61 to 69, which was declined.  See State v. Davis, No. 2018-0324 (N.H. July 17, 2018).

Davis initiated this action in November 2018 by filing his "Request for Stay and Abeyance for Petition of Writ of Habeas Corpus" (Doc. No. 1).  In response to the February 15, 2019 Order (Doc. No. 5), directing him to show that his claims are potentially meritorious, and that the petition is timely, Davis filed the Amended Petition and addenda (Doc. Nos. 7, 8, 10, 11) asserting the following claims of violations of his federal rights:

> 1.   Davis's right to due process under the Fourteenth Amendment was violated, in that the Superior Court instructed the jury at the close of Davis's case not to infer anything from the court's mid-trial dismissal of two witness tampering charges, where that limiting instruction

4

stripped Davis of the ability to have the jury instructed on the legal definition of witness tampering.

2.   The restriction on Davis's trial counsel's closing argument, with respect to evidence relating to the dismissed charges, violated Davis's rights to due process under the Fourteenth Amendment.

3.   The Superior Court's failure to remove Ms. Boucher from jury deliberations after finding out that she had originally been identified as an alternate juror violated Davis's rights to due process under the Fourteenth Amendment and Sixth Amendment right to a fair trial.

4.   The State engaged in prosecutorial misconduct, in violation of Davis's Fourteenth Amendment right to due process, in that the prosecutor:

   a.   overcharged Davis; and

   b.   failed to disclose materials, pursuant to Brady v. Maryland, 373 U.S. 83 (1963).

5.   The failure of Judge Houran to disqualify himself in Davis's criminal case for the same undisclosed reason that Judge Houran disqualified himself in Davis's civil case violated Davis's right to due process and a fair trial under the Sixth and Fourteenth Amendments.

6.   Davis's conviction was obtained in violation of his Sixth Amendment right to the effective assistance of counsel in pretrial proceedings, at trial, and in sentencing, in that:

   a. In connection with Attorney Swenson's pretrial motion to determine competency, Attorney Swenson:

      i.   failed to provide the court and the competency evaluator with readily available psychiatric records;

      ii.  failed to depose or subpoena the competency evaluator, Dr. Dennis Becotte; and

      iii. failed to obtain a second opinion as to Davis's competency.

5

      b.    Attorney Swenson failed to move for Judge Houran's recusal, after Judge Houran had recused himself in a civil case involving Davis;

      c.    Attorney Swenson failed to move to sever the charges;

      d.    Attorney Swenson failed to discuss the evidence relating to the dismissed charges in his closing argument;

      e.    Attorney Swenson failed to set forth any theory of the case or affirmative defense to the charges.

      f.    Attorney Swenson failed to investigate or move for Ms. Boucher's removal from jury deliberations, despite counsel's awareness that Ms. Boucher would have been an alternate juror but for a misunderstanding; and

      g.    Attorney Swenson failed to provide effective representation at sentencing by failing to provide the court with readily available psychiatric records from the New Hampshire Department of Corrections in mitigation of his sentence.

7.    Davis's conviction was obtained in violation of his Eighth Amendment right to avoid cruel and unusual punishment and Fourteenth Amendment right to due process in that it resulted in the conviction and imprisonment of a person who is actually innocent.

8.    Davis's conviction was obtained in violation of his Sixth Amendment right to the effective assistance of counsel, in that Attorney Caroline Brown failed to move the Superior Court to vacate all of Judge Houran's orders and Davis's conviction, in the post-conviction proceedings concerning his motion for a new trial.

9.    Davis's Sixth Amendment rights and Fourteenth Amendment right to due process were violated when the trial court denied Davis's motion for a new trial.

In addition, Davis has asserted claims of violations of state law and claims challenging the conditions of his current

incarceration, see, e.g., Doc. No. 8, at 2; Doc. No. 9.

## § 2254 Rule 4 Review

I.   Claims Not Cognizable in § 2254 Proceedings

   A.   Prison Conditions Claims

   "Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983.  Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus."  An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983.

Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam)).  Where a habeas petitioner "seeks relief unrelated to his habeas petition," the court generally "does not have jurisdiction to consider such claims as part of a habeas petition."  Kyricopoulos v. Murphy, No. 16-cv-12431-IT, 2017 U.S. Dist. LEXIS 46643, at *4, 2017 WL 1190376, at *2 (D. Mass. Mar. 29, 2017).  The district judge should dismiss without prejudice the prison conditions claims asserted in this case by Davis, regarding the adequacy of his mental health treatment and an inmate assault, as such claims are not properly litigated in this habeas action.

   B.   State Law Claims

   Davis has asserted claims of violations of his rights under

7

state law.  Those claims are not actionable in a petition for a writ of habeas corpus brought under 28 U.S.C. § 2254.  See Estelle v. McGuire, 502 U.S. 62, 67 (1991) ("'federal habeas corpus relief does not lie for errors of state law'" (citation omitted)).  The district judge should dismiss Davis's state law claims as they are not cognizable in this action.

      C.    Claim 8 – Post-Conviction Counsel

In Claim 8 (as numbered above) Davis claims that Attorney Brown provided ineffective assistance of counsel while representing him on his motion for a new trial, which was litigated after the NHSC affirmed Davis's conviction.  That claim is not cognizable in a section 2254 petition.  See 28 U.S.C. § 2254(i) ("[t]he ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254").  Accordingly, the district judge should dismiss Claim 8, as it fails to state any actionable ground for relief.

      D.    Claim 9 – Denial of New Trial Motion

Claim 9 is Davis's claim that the state court's denial of his motion for a new trial violated his Fourteenth Amendment right to due process and Sixth Amendment right to a fair trial.

There is no free-standing right to obtain an error-free decision in a post-conviction proceeding. Simmons v. Yurkovich, 497 F. App'x 664, 666 (7th Cir. 2012) ("claim that the district court erroneously dismissed the [habeas] petition is not cognizable as a due-process violation"). Accordingly, the district judge should dismiss Claim 9, as it fails to allege a cognizable claim for relief.

II.  Exhaustion

To be eligible for habeas relief, the petitioner must show that he has exhausted the remedies available in the state courts for those claims, or that state court remedies are unavailable or ineffective to protect his rights. See 28 U.S.C. § 2254(b)(1). A petitioner's state court remedies in New Hampshire are exhausted when the NHSC has had an opportunity to rule on the claims. See Lanigan v. Maloney, 853 F.2d 40, 42 (1st Cir. 1988). In assessing whether a claim has been exhausted, "'[t]he appropriate focus . . . centers on the likelihood that the presentation in state court alerted that tribunal to the claim's federal quality and approximate contours.'" Coningford v. Rhode Island, 640 F.3d 478, 482 (1st Cir. 2011) (citation omitted). The burden is on the petitioner to demonstrate exhaustion of state remedies. See id.

Davis has not yet exhausted his state remedies on all of

the claims in his § 2254 petition. This court's review of the record indicates that Davis has exhausted his state remedies as to Claims 3, 5, 6(b), 6(c), 6(d), 6(f), and 6(g). While the factual underpinnings of Claims 1 and 2 appear to have been raised in the state courts, it does not appear that the federal nature of those claims has been presented in a manner that would alert the state courts to the existence of federal issues. Available state remedies as to Claims 4(a), 4(b), 6(a), 6(e), and 7 (Davis's free-standing claim of "actual innocence")[1] are also apparently not yet exhausted.

As the petition includes claims that have been exhausted and claims that appear to be unexhausted, the petition is subject to dismissal in its entirety, without prejudice, unless the petitioner elects to proceed only on the exhausted claims and foregoes seeking federal habeas relief on the unexhausted claims. See Rhines v. Weber, 544 U.S. 269, 274-75 (2005). In the alternative, the court has discretion to deny the petition on the merits, if none of the claims have any merit, see 28 U.S.C. § 2254(b)(2); or stay the entire petition and hold all of

---

[1]A petitioner's ability to obtain relief on a free-standing claim of actual innocence under 28 U.S.C. § 2254 is not established. See McQuiggin v. Perkins, 133 S. Ct. 1924, 1931 (2013) (Supreme Court has "not resolved whether a prisoner may be entitled to habeas relief based on a freestanding claim of actual innocence" (citing Herrera v. Collins, 506 U.S. 390, 404-05 (1993)).

10

the claims in abeyance while the petitioner returns to the state courts to litigate the unexhausted claims, see Rhines, 544 U.S. at 275.  Such a stay may be issued if the petitioner can: "1) show good cause for failing to present the claims before the state court in the first instance, and 2) show that his unexhausted claims are not 'plainly meritless.'" Wagner v. Smith, 581 F.3d 410, 419 (6th Cir. 2009) ((quoting Rhines, 544 U.S. at 277)).

It is not apparent that all of Davis's unexhausted claims are plainly meritless.  Davis has moved this court for a stay to allow him to exhaust his unexhausted claims.  In an Order issued this date, the court has granted that motion.

III. Statute of Limitations

The February 15, 2019 Order (Doc. No. 5) directed Davis to demonstrate that his petition is timely.  Davis's subsequent filings suggest that breaks in his post-conviction litigation have allowed no more than seven months of the one-year statute of limitations to run, including two months from August 2016 -- when his conviction became final under 28 U.S.C. § 2244(d)(1)(A) -- through October 2016, and another five months from July 2018 until November 2018, when he filed this action.  Accordingly, the petition appears to be timely.

11

## Conclusion

For the foregoing reasons, the district judge should (1) approve this Report and Recommendation; (2) dismiss Davis's claims regarding the conditions of his incarceration, without prejudice to Davis's ability to file new civil rights actions raising those claims; (3) dismiss all of Davis's claims based on violations of his rights under state law; and (4) dismiss Claims 8 and 9 (as numbered above).

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  The fourteen-day period may be extended upon motion.  Failure to file specific written objections within the specified time waives the right to appeal the district court's order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

/s/ Andrea K. Johnstone
Andrea K. Johnstone
United States Magistrate Judge

August 27, 2019

cc:  Rick Davis Sr., pro se